McCunn, J.
I concur. The order appealed from was a conditional order (the payment of costs, &c.). The conditions were tendered' by defendant and accepted by plaintiff; they cannot, therefore, accept the terms of the order and appeal at the same time. They must do one thing or the other. They selected and accepted the terms; this, therefore, bars their appeal (Pearce v. Chaplin, 9 Q. B., 802 ; 16. L. I. Q. B., 49 ; Bartlett v. Stinton, 1 L. B. C. P., 238; 14 W. B., 614 ; 14 H. T. N. S., 287 ; Dodsey v. Hamilton, 5 Saund. 1). The plaintiff in this case, in addition to accepting the costs imposed on the granting of the motion, accepted the amended answer. This, he claims, was merely an irregularity on his part, which he should be allowed to remedy. How, if a party lies by after an irregularity, and he knowingly, as in this case, prevents the other party from taking further steps in the case before he moves to take advantage of the irregularity, this is a waiver of such irregularity (Gair v. Goodman, 2 Smith, 291).
Jones, J.
The appeal from the order allowing an amendment having been dismissed, on a ground which would have been fatal to it even if there had been a proper service of notice on the clerk, it is' unnecessary to decide whether the order from which this appeal is taken is correct or not, since the reversal of that order *161 and the entry of an order to the effect asked for will not reinstate the appeal from the order allowing the amendment, and can in no wise benefit the appeal.
Appeal dismissed without costs.
Freedman and Spencer, JJ., concurred in the opinion of Judge Monell.